IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TINA G.**[1], <br><br>        Plaintiff, <br><br>    v. <br><br>**ANDREW M. SAUL,** Commissioner of Social Security, <br><br>        Defendant. | Case No. 3:20-cv-86-SI <br><br>**OPINION AND ORDER** |

Bruce W. Brewer, LAW OFFICES OF BRUCE W. BREWER PC, PO Box 421, West Linn, Oregon 97068. Of Attorneys for Plaintiff.

Scott Erik Asphaug, Acting United States Attorney, and Renata Gowie, Civil Chief, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Sarah L. Martin, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Tina G. brings this action pursuant to § 205(g) of the Social Security Act (the

Act), *as amended*, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

Commissioner of the Social Security Administration (the Commissioner) denying Plaintiff's application for supplemental security income under Title XVI of the Act. For the following reasons, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this Opinion and Order.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff protectively filed an application for supplemental security income on October 18, 2016, alleging a disability onset of the same date. Plaintiff was born on October 22, 1969 and was 46 years old at the date of onset. Plaintiff's claim was denied initially on February 14, 2017, and upon reconsideration on July 20, 2017. Plaintiff requested a hearing and appeared at and testified at a hearing held on December 18, 2018 before an Administrative Law Judge (ALJ). The ALJ found that Plaintiff is not disabled, as defined in the Act.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly

> limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.
>
> 3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" (RFC). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.
>
> 4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.
>
> 5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant

PAGE 4 – OPINION AND ORDER

numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

**C. The ALJ's Decision**

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 18, 2016. AR 15. At step two, the ALJ found that Plaintiff had the following severe impairments: obesity, status post right carpal tunnel syndrome release, cervical and lumbar degenerative disc disease, diabetes mellitus with neuropathy, sacroiliitis/osteoarthritis, history of a learning disorder, depression, and ADHD. *Id.* The ALJ found that Plaintiff's hypertension, asthma, obstructive sleep apnea, status post elbow fracture, and status post right foot fracture were not severe impairments. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* As an interim step, the ALJ determined that Plaintiff had the residual functional capacity to perform

> sedentary work as defined in 20 CFR 416.967(a) except the claimant is limited to no more than occasional stooping, crouching, crawling, kneeling, or climbing. She is further limited to frequent bilateral overhead reaching, as well as frequent handling and fingering with the right hand. She would need to avoid exposure to unprotected heights, moving machinery and similar hazards, and is further limited to simple, repetitive, routine tasks.

AR 17. At step four, the ALJ found that Plaintiff had no past relevant work. AR 21. At step five, the ALJ found that there are jobs existing in significant numbers in the national economy that

Plaintiff could perform. *Id.* These jobs include charge account clerk (DOT 205.367-014, sedentary, SVP 2) with approximately 1,500 jobs nationally; addresser (DOT 209.587-010, sedentary, SVP 2) with approximately 5,700 jobs nationally; and elections clerk (DOT 205.367-030, sedentary, SVP 2) with approximately 209,000 jobs nationally. AR 22. Because there are jobs available that fit Plaintiff's RFC, the ALJ concluded, Plaintiff is not disabled.

## DISCUSSION

Plaintiff raises three objections to the ALJ's decision. First, Plaintiff argues that the ALJ improperly failed to acknowledge or credit the opinion of Robert Weniger, Psy. D. Dr Weniger's opinion, Plaintiff argues, establishes that she is unable to work based on her mental health conditions and, if credited, supports a finding of disability. Second, Plaintiff argues that the ALJ did not provide clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony. Third, Plaintiff argues that the ALJ did not offer germane reasons for rejecting lay witness testimony. Based on these objections, Plaintiff argues that remand for additional proceedings or the award of benefits is required.

### A. Dr. Weniger's Opinion

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm's, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit and the Commissioner[2] distinguish between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Generally, "a treating physician's opinion carries more weight than an examining physician's, and an examining physician's

---

[2] Because Plaintiff filed her application before March 17, 2017, the application is governed by 20 C.F.R. §§ 404.1527 and 416.927, and the revised rules relating to the consideration of medical opinion testimony do not apply.

opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); *see also* 20 C.F.R. §§ 404.1527(c)(1), (2); 416.927(c)(1), (2). If a treating physician's opinion is supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record, a court gives the treating physician's opinion controlling weight. *Holohan*, 246 F.3d at 1202; see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). A court may reject a treating doctor's uncontradicted opinion only for "clear and convincing" reasons. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If the opinion of another physician contradicts a treating doctor's opinion, the ALJ must provide specific and legitimate reasons supported by substantial evidence for discrediting the treating or examining doctor's opinion. *Id.* (treating physician); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (examining physician). An ALJ errs by rejecting or assigning minimal weight to a medical opinion "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis" for the ALJ's conclusion. *Garrison*, 759 F.3d at 1013; *see also Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996) (noting that an ALJ effectively rejects an opinion when he or she ignores it).

Dr. Weniger examined Plaintiff in February 2016 and provided a written neuropsychological evaluation, including detailed findings on a number of standardized examinations and opinions on Plaintiff's functional limitations. Dr. Weniger opined that Plaintiff had "impediments to employment," that her mood disorder and emotional resilience needed to improve to permit employment, that she had cognitive challenges that needed accommodation, and that she may not have been "work ready" due to her conditions and life stressors. AR 324-26. The ALJ did not discuss or evaluate Dr. Weniger's opinion in any substantive way. The only

mention is in a passing citation to the opinion's exhibit number when discussing the fact that Plaintiff had a history of a learning disorder, major depressive disorder, and ADHD.

Plaintiff argues that this constitutes error because the ALJ did not give any reasons, let alone specific, legitimate ones, for failing to incorporate Dr. Weniger's opinion into Plaintiff's RFC. The Commissioner provides several post-hoc reasons for the ALJ's decision, none of which may be considered by this court. Governing case law provides that failing to mention a medical opinion is tantamount to its rejection, and a silent rejection is impermissible. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). Thus, the ALJ's failure to adopt Dr. Weniger's opinion or to give specific, legitimate reasons supported by substantial evidence for rejecting or assigning less weight to that opinion is error.

## B. Plaintiff's Subjective Symptom Testimony

A claimant "may make statements about the intensity, persistence, and limiting effects of his or her symptoms." SSR 16-3p, 2017 WL 5180304, at *6 (Oct. 25 2017).[3] There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms

---

[3] Effective March 28, 2016, Social Security Ruling (SSR) 96-7p was superseded by SSR 16-3p, which eliminates the term "credibility" from the agency's sub-regulatory policy. SSR 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14166 (Mar. 16, 2016). Because, however, case law references the term "credibility," it may be used in this Opinion and Order.

alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen*, 80 F.3d at 1282.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

Consideration of subjective symptom testimony "is not an examination of an individual's character," and requires the ALJ to consider all evidence in an individual's record when evaluating the intensity and persistence of symptoms. SSR 16-3p, *available at* 2016 WL 1119029, at *1-2. The Commissioner recommends that the ALJ examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. The Commissioner further recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's

location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id.* at *6-7.

The ALJ's decision relating to a claimant's subjective testimony may be upheld overall even if not all the ALJ's reasons for discounting the claimant's testimony are upheld. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ may not, however, discount testimony "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883. The ALJ must specifically discuss which testimony and limitations he is crediting or discrediting, and why. *See, e.g., Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015) (determining that a general rejection of claimant's testimony was insufficient and that the ALJ committed legal error when she did not specify what testimony she rejected and why); *Smolen*, 80 F.3d at 1284 ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."); *Dodrill*, 12 F.3d at 918 (determining that the ALJ "must state which pain testimony is not credible and what evidence suggests the complaints are not credible"); *Ammie B. v. Saul*, 2020 WL 1984894, at *8 (D. Or. Apr. 27, 2020) (concluding that summarizing the medical record but failing to link it to any specific testimony is legal error).

Plaintiff argues that the ALJ's analysis of her subjective symptom testimony was insufficiently specific and was unsupported by the evidence. The ALJ, Plaintiff argues, paraphrased Plaintiff's testimony and failed to point to specific evidence that discredits specific testimony. Plaintiff cites to *Brown-Hunter*, in which the Ninth Circuit stated that an ALJ commits reversible error when he or she merely paraphrases the claimant's testimony but never identifies which testimony is not credible or explains which evidence forms the basis for that finding. 806 F.3d at 494. Plaintiff also argues that the ALJ rejected her credibility in general, in violation of Social Security Rule 16-3p.

The Commissioner responds that the ALJ articulated Plaintiff's testimony with sufficient particularity to facilitate judicial review, and that he gave valid reasons for not crediting the full extent of Plaintiff's testimony. The Commissioner highlights the ALJ's reliance on Plaintiff's improvement in physical and mental health, which the ALJ found consistent with the medical evidence and with Plaintiff's activities, but inconsistent with Plaintiff's testimony.

The ALJ stated that Plaintiff alleged in her application for disability benefits that she

> is unable sustain basic work activities on a regular and continuing basis because of her impairments. On the function report filled out by the claimant in conjunction with her application, the claimant contended that her symptoms affect her ability to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, see, remember, complete tasks, concentrate, understand, follow instructions, and use her hands[.]

AR 178. The ALJ then summarizes the evidence that he finds diminishes the weight given to that testimony. The exhibit the ALJ references is Plaintiff's function report (AR 190-202). This function report, while not being the only source of Plaintiff's symptom testimony, provides much greater detail than the ALJ alludes to in his paraphrased summary. The ALJ also mentions Plaintiff's depression in his discussion of the evidence that undermines her symptom testimony.

The Court does not find that the ALJ made a permissible credibility finding. SSR 16-3p prohibits an ALJ from making findings about an individual's overall character or truthfulness. No such finding was made or implied here. Summarizing and rejecting Plaintiff's testimony does not amount to a finding on her truthfulness or overall character.

The ALJ almost entirely fails to connect any of his stated rationales for rejecting Plaintiff's testimony with any specific piece of testimony. The only time the ALJ connects Plaintiff's symptom testimony with the reasons for not crediting it is in his discussion of her depression. There, he states that "this is a difficult and stressful situation, but the record does not indicate[] that the depression was limiting her ability to function, rather, outside stressors imposed upon her resulted in feeling overwhelmed, specifically being the primary caregiver for her special-needs and high maintenance son." AR 19. Even here, the ALJ does not give any reasons for finding that her depression does not contribute to her ability to function. Merely stating that outside stressors make her feel overwhelmed is not a clear, convincing reason supported by substantial evidence for finding that her depression is not at least partially independent of her caregiving duties. The record indicates that she has experienced depression and other mental health problems for a very long time, and that she experienced childhood sexual abuse. The ALJ has not accounted for the chronicity of her depression and mental health challenges in this cursory discussion.

The ALJ never linked any other symptom testimony with the evidence that supposedly undermines it. Without such an analysis, the ALJ puts the reviewing court in his shoes, asking that connections be drawn by the court that were never stated in the opinion. Without specific reasons connected to specific testimony, let alone clear and convincing reasons, the Court must find that the ALJ's rejection of Plaintiff's symptom testimony was made in error.

## C. Lay Witness Testimony

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006). Lay witness testimony regarding a claimant's symptoms or how an impairment affects her ability to work is competent evidence. *Id.* Thus, an ALJ may not reject such testimony without comment. *Id.* In rejecting lay testimony, the ALJ need not "discuss every witness's testimony on an individualized, witness-by-witness basis. Rather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

An ALJ errs by failing to "explain her reasons for disregarding . . . lay witness testimony, either individually or in the aggregate." *Id.* at 1115 (quoting *Nguyen*, 100 F.3d at 1467 (9th Cir. 1996)). This error may be harmless "where the testimony is similar to other testimony that the ALJ validly discounted, or where the testimony is contradicted by more reliable medical evidence that the ALJ credited." *See id.* at 1118-19. Additionally, "an ALJ's failure to comment upon lay witness testimony is harmless where 'the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay witness's] claims.'" *Id.* at 1122 (quoting *Buckner v. Astrue*, 646 F.3d 549, 560 (8th Cir. 2011)). When an ALJ ignores *uncontradicted* lay witness testimony that is highly probative of a claimant's condition, "a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1056.

Plaintiff submitted the lay witness testimony of her mother and her friend. The ALJ addressed their testimony as follows:

PAGE 13 – OPINION AND ORDER

> Lay witness evidence offered by friends and family member sis [sic] given little weight (Ex. lE, 3E); it is inconsistent with the medical evidence of record documenting medical improvement and the claimant's acknowledged daily activity level (Ex. 2E, 7F, 8F, l0F, l lF, 14F, 16F, 22F, 25F, 26F, 30F).

AR 21.

Plaintiff argues that the ALJ summarily rejected all lay witness testimony on two impermissible grounds—a general statement that all lay witness testimony conflicted generally with the record, and a general statement that all lay witness testimony was inconsistent with Plaintiff's activities. Plaintiff argues that no germane reasons were given on a witness-by-witness basis. The Commissioner argues that an ALJ does not need to discuss lay witnesses individually and may apply germane reasons to multiple lay witnesses when the reasons broadly apply. The Commissioner also argues that the lay witness testimony did not identify any limitations or symptoms beyond those contained in Plaintiff's own symptom testimony, so any error in the rejection was harmless. Plaintiff did not reply to the Commissioner's argument.

The ALJ may give aggregated reasons for the rejection of lay witness testimony, and such reasons need only be "germane." The ALJ has met this burden, and no legal error was committed in the decision not to accord any weight to the two lay witness statements.

### D.  Error Analysis

An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012); *see also Robbins*, 466 F.3d at 885 (noting that an error is harmless if it is "clear from the record the error was inconsequential to the ultimate non-disability determination"). A court should not automatically reverse on account of error, but should make a determination of prejudice. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). "Determination of prejudice requires 'case-specific application of judgment, based upon examination of the record,' not 'mandatory presumptions and rigid rules.'" *Id.* (quoting

*Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). These case-specific factors are "various" and potentially include, among others:

> an estimation of the likelihood that the result would have been different, an awareness of what body (jury, lower court, administrative agency) has the authority to reach that result, a consideration of the error's likely effects on the perceived fairness, integrity, or public reputation of judicial proceedings, and a hesitancy to generalize too broadly about particular kinds of errors when the specific factual circumstances in which the error arises may well make all the difference.

*Shinseki*, 556 U.S. at 411-12.

The party claiming error has the burden "to demonstrate not only the error, but also that it affected his [or her] 'substantial rights,' which is to say, not merely his [or her] procedural rights." *Ludwig*, 681 F.3d at 1054. Additionally, a reviewing court can determine, based on the circumstances of the case, that further administrative review is required to determine whether there was prejudice from the error. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011). Mere probability of prejudice is not enough, but where there is a substantial likelihood of prejudice, then remand is appropriate. *Id.*

### 1. Medical Opinion

Plaintiff argues that the ALJ's error was not harmless because Dr. Weniger's opinion precludes a finding of non-disability when it is fully credited as true. The Commissioner argues that any error was harmless and provides further post-hoc rationalization on why Dr. Weniger's opinion should not impact the RFC determination. This includes that the ALJ relied upon the opinions of the state agency's consulting physicians, who had considered Dr. Weniger's opinion.

Plaintiff has shown that the error was not harmless. Dr. Weniger opined that Plaintiff had several limitations at the time of examination that would interfere with full-time employment. These limitations included the need for improvement in her mental health before she could be

ready to function in a work environment, and accommodations for her cognitive challenges. If these limitations had been credited, a finding that Plaintiff was able to maintain full time substantial gainful activity may not have necessarily resulted, or her RFC may have been different. A different RFC would directly affect the vocational expert (VE)'s testimony. The ALJ's failure to comment at all upon the opinion of Dr. Weniger, therefore, results in a substantial risk of prejudice, and that error is not harmless.

### 2. Subjective Symptom Testimony

Plaintiff argues that the ALJ's failure to properly evaluate her symptom testimony was prejudicial error. The Commissioner highlights that the ALJ gave valid reasons for his general rejection of Plaintiff's testimony, and that the failure to specifically address the testimony itself was harmless. The Commissioner's argument is an attempt to re-hash the post-hoc rationales given earlier in the brief. To find for the Commissioner here would directly contravene clear, long standing Ninth Circuit precedent that requires the ALJ themself to explain which symptom testimony is given less than full weight, and the reason for that decision.

This error is not harmless. Plaintiff testified that she was unable to sit or stand continuously, and the VE present at her hearing testified that the need for additional, unscheduled breaks would preclude competitive employment. Plaintiff's testimony conflicts with the opinions of the state agency's consulting doctor, who opined that Plaintiff could sit for six hours a day and stand for two. By failing to specify which testimony was undermined by which medical record evidence, the ALJ has made it impossible for a reviewing Court to discern whether the rejection of Plaintiff's testimony was valid. Failing to credit her testimony about her ability to sit or stand continuously directly affected her substantive rights and was not harmless error.

**E. Remand**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan*, 246 F.3d at 1210 (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and is not required to credit statements as true merely because the ALJ made a legal error. *Id.* at 408.

Viewing the record as a whole, there are remaining conflicts and ambiguities. The Commissioner, arguing against the possibility of remanding for calculation of benefits, argues that Dr. Weniger's vague and equivocal findings cause ambiguity that demands further

PAGE 17 – OPINION AND ORDER

proceedings. The Commissioner does not identify any other reason that further proceedings may be beneficial to resolve an ambiguity or conflict. The Commissioner is correct that the effect of Dr. Weniger's opinion on Plaintiff's RFC, even if credited as true, is ambiguous.

When Plaintiff's symptom testimony is credited as true, further conflicts exist between Plaintiff's symptom testimony and the opinion of the state agency consulting physician. Chandra Basham, M.D., found that Plaintiff was able to sit with normal breaks for 6 hours of an 8-hour workday. As discussed above, the VE testified that an employee who consistently needed unscheduled and unpredictable breaks would be terminated. The ALJ's failure to identify the testimony being rejected and the reason for its rejection requires this Court to credit the improperly rejected testimony as true, but when credited as true there is a direct conflict between Plaintiff's testimony and Dr. Basham's opinion. Such a conflict requires resolution by an ALJ, and therefore requires this Court to remand for further proceedings.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 22nd day of April, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge